IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT ANTHONY CALLENDER,

        Plaintiff,                No. 2:12-cv-1708 GEB EFB P

     vs.

M. CASTILLO, et al.,

        Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

1

**II.    Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person

1  acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.*

2  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).   An individual defendant is not liable on a civil

3  rights claim unless the facts establish the defendant's personal involvement in the constitutional

4  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

5  constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.*

6  *Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

7         To state a claim for violation of the Eighth Amendment based on inadequate medical

8  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

9  indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,

10  plaintiff must show both that his medical needs were objectively serious, and that defendant

11  possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);

12  *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

13  significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

14  patient would find worthy of comment or treatment, or the existence of chronic and substantial

15  pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other*

16  *grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  It is important

17  to differentiate common law negligence claims of malpractice from claims predicated on

18  violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting

19  the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

20  cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing

21  *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051,

22  1057 (9th Cir. 2004).  Moreover, it is well established that mere differences of opinion

23  concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

24  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344

25  (9th Cir. 1981).

26  ////

In order to state a claim that a public program or service violated Title II of the Americans with Disabilities Act ("ADA"), a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may seek injunctive relief against state officials in their official capacities).   Damages, however, are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.*  Here, plaintiff names over twenty-five defendants, but he does not link any of them, through either an act or an omission, to a deprivation of plaintiff's constitutional rights.  Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed *in forma pauperis* (Dckt. No. 2) is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in a recommendation that this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  October 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE