IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT ANTHONY CALLENDER,

      Plaintiff,                No. 2:12-cv-1708-GEB-EFB P

      vs.

M. CASTILLO, et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

                                /

      Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. After two dismissals pursuant to 28 U.S.C. § 1915A, plaintiff has filed a second amended complaint.

**I.    Screening Requirement and Standards**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

1

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.     Background**

Plaintiff commenced this action by filing a civil rights complaint on June 27, 2012. ECF No. 1. Pursuant to § 1915A, the court screened the complaint. ECF No. 6. The court found that plaintiff's allegations were too vague and conclusory to state a cognizable claim for relief. *See id.* at 4 ("plaintiff names over twenty-five defendants, but he does not link any of them, through either an act or an omission, to a deprivation of plaintiff's constitutional rights"). Accordingly,

1  the court dismissed the complaint with leave to amend.  That initial screening order informed

2  plaintiff of the following:

> In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).
>
> To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).
>
> * * *
>
> Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

24  ECF No. 6 at 2-3, 5.

25  /////

26  /////

In the first amended complaint, plaintiff again named approximately 25 defendants and failed to link them to any deprivation of his constitutional rights. ECF No. 9. He also alleged generally, that "all of the Medical staff members named in the . . . complaint" minimized his medical needs and "would not take the Plaintiffs suffering serious." *Id.* ¶¶ 8, 9. The court informed plaintiff that these allegations were not sufficient to state a cognizable claim for relief. ECF No. 10. Specifically, the court reminded plaintiff that:

> An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff fails to allege sufficient facts showing that a particular defendant consciously disregarded a substantial risk of serious harm to plaintiff. Once again, plaintiff's allegations are too vague and conclusory to state a plausible claim for relief.

*Id.* Accordingly, the court dismissed the amended complaint with leave to amend. In addition, because it appeared as if plaintiff intended to allege that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment, the court reminded him that to succeed on such a claim, he must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). That is, the defendant must have known that the inmate faced a substantial risk of serious harm, and must have also disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Now before the court is plaintiff's second amended complaint. ECF No. 11.

### III.  Screening Order

Despite notice of the deficiencies in his two prior complaints, plaintiff again fails to state a cognizable claim for relief. The second amended complaint alleges that defendants were deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment. Once again, however, he refers generally to "defendants" or "medical staff," without specifically

linking any identifiable defendant to any specific act constituting a deprivation of plaintiff's Eighth Amendment rights. *See, e.g.,* ECF No. 11 ¶ 28 ("plaintiff was ignored by the medical staff"); ¶ 39 (after the "Medical Staff" at Mule Creek State Prison became aware of plaintiff's condition, they minimized his injuries); ¶ 53 ("defendants" played a part in a scheme to deceive the Plaintiffs reality").

Where plaintiff does link his allegations to an identifiable defendant, he fails to plead sufficient facts to state a cognizable claim for relief. *See, e.g., id.* ¶ 31 (defendant Castillo ordered an x-ray for plaintiff, but plaintiff did not receive it); ¶ 32 (defendant Beregovakaya prescribed plaintiff Celecoxib); ¶ 39 (defendant Akintola ordered an x-ray for plaintiff); ¶ 41 (plaintiff requested an MRI for nerve damage, but defendant Akintola "would not take the Plaintiffs suffering serious and denied Plaintiffs rights to be free from pain the hands of the CDCR Medical Staff"); ¶ 43 (defendant Galloway told plaintiff "his brain was making him believe he had pain"); ¶¶ 48-49 (defendant Horowitz denied plaintiff's request to be excused from his job in the kitchen because of his "back problem," finding he had the "functional capacity" for "full duty" even though plaintiff took a medicine that "may cause fainting"); ¶ 54 (alleging that various defendants failed to review his medical file, "frivolously" denied his administrative appeals, or pleading facts that demonstrate negligence at worst).

Thus, as to most defendants, plaintiff does not allege any causal connection between the alleged constitutional violations and any wrongful act or omission of any defendant. Where he does allege a causal connection, he fails to plead sufficient facts to show that the defendant responded to his serious medical needs with the deliberate indifference required for an Eighth Amendment claim.

Plaintiff has had two opportunities to amend and appears unable to allege facts showing a cognizable claim for relief. Therefore, the court finds that further leave to file amend would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (courts should provide a pro se plaintiff with an opportunity to amend after notifying the plaintiff of defects in the complaint);

1  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district
2  courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are
3  not required to grant leave to amend if a complaint lacks merit entirely.").

4      Accordingly, IT IS HEREBY RECOMMENDED that the second amended complaint be
5  dismissed due to plaintiff's failure to state a claim upon which relief may be granted and the
6  Clerk be directed to close this case.

7      These findings and recommendations are submitted to the United States District Judge
8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9  after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
12 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
13 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14 DATED:  October 8, 2013.

                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE